THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : 3:22-CR-303 |
| | : (JUDGE MARIANI) |
| JEFFREY VAUGHN, | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Defendant Jeffrey Vaughn's letter-motion requesting early termination of his supervised release (Doc. 32), filed approximately 12 months into his 24-month term of supervised release. The parties have briefed the motion (Docs. 32, 34) and the motion is ripe for disposition. For the reasons that follow, Defendant's motion will be denied.

### II. ANALYSIS

"[T]he primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012) (quoting *United States v. Albertson*, 645 F.3d 191, 197 (3d Cir. 2012)). Congress has thus provided the sentencing court with the authority to terminate a defendant's term of supervised release early. *See Burkey v. Marberry*, 556 F.3d 142, 146 n.3 (3d Cir. 2009) ("Pursuant to 18 U.S.C. § 3583(e), only the sentencing court has the authority to modify [a defendant's] term of supervised release"). Pursuant to 18 U.S.C. §

3583, "[t]he court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "'The expansive phrases "conduct of the defendant" and "interest of justice" make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.'" *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)).

> The § 3553(a) factors cited in § 3583(e)(1) are as follows:
>
> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*Melvin*, 978 F.3d at 53 (quoting *United States v. Davies*, 746 F.App'x 86, 88-89 (3d Cir. 2018)). "[I]t is notable that the only traditional sentencing factor *not* relevant to a court's decision of whether to impose supervised release . . . is the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense. . . . This omission reinforces the idea that the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *Murray*, 692 F.3d at 280 (internal quotation marks, citations, and brackets omitted).

When weighing the relevant § 3553(a) factors and considering a defendant's motion for early termination of supervised release, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. However, "'*generally*, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F.App'x at 89) (emphasis in *Melvin*).

In the present case, on January 26, 2023, Defendant Vaugh pleaded guilty to Count 1 of an Information, specifically, to Theft Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(A). (*See* Docs. 1, 3, 11). On May 4, 2023, this Court sentenced Defendant to 6-months imprisonment, to be followed by a two-year term of supervised release. Defendant was released from prison and began his term of supervised release on or about November 3, 2023. Exactly one year later, by letter-motion dated November 4, 2024, and filed of record on November 26, 2024, Vaughn moved for early termination of his supervised release. (Doc. 32).

Upon consideration of the relevant statutory factors, early termination is not "warranted by the conduct of [Vaughn] . . . and the interest of justice", 18 U.S.C. § 3583(e)(1). Defendant's motion will thus be denied.

Vaughn asserts that he has "diligently fulfilled all conditions imposed by the Court", including "continued mental health, community service hours, gamblers anonymous, drug testing and continued communication with [his] Probation Officer." (Doc. 32, at 1). He further states that he has paid his restitution and the remaining fine. (*Id*.). Although the Court recognizes Vaughn's continued compliance with the terms of his supervised release, mere compliance with these conditions does not entitle him to early termination of his two-year term of supervised release. *See e.g., United States v. Laine*, 404 F.App'x 571, 573-574 (3d Cir. 2010) ("Simple compliance with the conditions of supervised release are expected and not exceptional") *abrogated by United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020); *United States v. Welling*, 2021 WL 409834, *4 (W.D. Pa. 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release.") (citing *United States v. Banks*, 2015 WL 926534, at *4 (W.D. Pa. 2015)) (emphasis in original).

Vaughn further asserts that "[e]mployment opportunities are difficult in truck driving due to lack of experience and background checks so trying to secure a better job in that field makes it even harder while you are on probation." (Doc. 32, at 1). Vaughn does not explain how the conditions of his supervised release, or his probation officer's supervision

4

and application of the conditions, have hindered his ability to obtain "better employment opportunities." Nor would the early termination of Defendant's supervised release alter his purported "lack of experience" or the fact that a background check may reveal his felony conviction.[1]

Finally, there is no evidence that "new or unforeseen circumstances" have arisen warranting the early termination of Defendant's supervised release.[2] As addressed, *supra*, although Vaughn has outlined his compliance with the terms of his supervised release and his desire to obtain "better employment opportunities", these statements do not present circumstances which could in any way be deemed to be new or unforeseen. Rather, compliance with the terms of supervised release is precisely what is expected when imposing the term and conditions of release and the difficulties which Vaughn refers to obtaining "better" employment are neither unexpected nor unforeseen.

---

[1] It is also of note that Defendant Vaughn is admittedly currently employed (Doc. 32, at 1) and, as noted by the Government, "has been regularly permitted by the probation department to leave the district (and the state) to drive for these [trucking] companies" (Doc. 34, at 5). These facts further suggest that the burden of supervised release on Vaughn's employment, and any future opportunities, is minimal.

[2] This Court recognizes that the Third Circuit has "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown", Melvin, 978 F.3d at 53 (emphasis added), but it is nonetheless one of a number of factors that this Court should consider in determining the merits of Defendant's motion. *See e.g. id.* ("We think that [g]*enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it. That is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.") (some internal citations and quotation marks omitted) (emphasis in original).

5

For these reasons, and upon consideration of each of the relevant statutory factors, the specific facts and circumstances of this case, and the arguments presented in the parties' letters and briefs, the Court finds that the purposes to be served by the imposition of supervised release by the Court have not yet been satisfied at this time. Consideration of the relevant § 3553 factors weigh in favor of requiring Defendant to serve the remaining term of his supervised release. Defendant's motion will therefore be denied.

### III. Conclusion

For the foregoing reasons, Defendant Vaughn's letter-motion requesting early termination of his supervised release (Doc. 32) will be denied. A separate order follows.

_____
Robert D. Mariani
United States District Judge